In re:  
JULIE H. BOLT  
XXX-XX-3868  

Case No. 10-29672-RBR  
Chapter 13  

_____Debtor_____/

## OBJECTION TO CLAIM ON SHORTENED NOTICE

*IMPORTANT NOTICE TO CREDITOR: THIS IS AN OBJECTION TO YOUR CLAIM*

*This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).*

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the debtor objects to the following claim filed in this case:

### CLAIM NUMBER 3: CITIMORTGAGE INC.

The Debtor is making payments on the homestead real property which is the subject of the claim to secured creditor outside of the chapter 13 plan. The claim should be stricken and creditor should not receive any distribution in the chapter 13 plan or from the chapter 13 trustee.

### CLAIM NUMBER 4: CITIMORTGAGE INC.

The Debtor is making payments on the homestead real property which is the subject of the claim to secured creditor outside of the chapter 13 plan. The claim should be stricken and creditor should not receive any distribution in the chapter 13 plan or from the chapter 13 trustee.

### CLAIM NUMBER 9: GMAC MORTGAGE LLC

The Debtor is making payments on the homestead real property which is the subject of the claim to secured creditor outside of the chapter 13 plan. The claim should be stricken and creditor should not receive any distribution in the chapter 13 plan or from the chapter 13 trustee.

### CLAIM NUMBER 10: CANDICA LLC

The Debtor marked this claim as "disputed" on Schedule F. The Debtor never entered into a contractual relationship with creditor, Candica. The Debtor was never notified that a debt was assigned to Candica from the original creditor pursuant to Florida Statutes prior to the bankruptcy filing. Therefore, Candica lacks standing to file this claim on behalf of the original creditor. In addition, the Debtor further disputes that she ever owed any monies to the original creditor. Claim is filed in violation of Local Rule 3001-1(A)(3), as the claim is a proof based on a writing, and does not attach a list or summary of invoices or other attachments and documentation to show that Debtors owe the actual amount claimed, or had any type of contractual relationship with claimant, such as the account application or contract, or most recent statement provided to the Debtor prior to the filing date. The claim should be stricken and disallowed.

## CLAIM NUMBER 17: SPECIALIZED LOAN SERVICING LLC

The Debtor is surrendering the real property which is the subject of the claim to secured creditor outside of the chapter 13 plan. The claim should be stricken and creditor should not receive any distribution in the chapter 13 plan or from the chapter 13 trustee.

The undersigned acknowledges that this objection and the notice of hearing for this objection will be served on the claimant and the debtor at least 14 calendar days prior to the confirmation hearing date and that a certificate of service conforming to Local Rule 2002-1(F) must be filed with the court when the objection and notice of hearing are served.

DATED:___12/29/10___

*Law Offices of*
SIMONSON & OLSON, P.A.
Attorney for Debtor(s)
4901 NW 17th Way, Suite 503
Fort Lauderdale, FL 33309
(954) 492-1013

By: CHRISTIAN J. OLSON, ESQ.
Florida Bar Number: 0121436